## BIGELOW v GOODRICH RUBBER CO

Ohio Appeals, 2nd Dist, Franklin Co
No. 2046. Decided June 11, 1931

H. G. Binns, Columbus, for Bigelow Co.

Morrow & Morrow, Columbus, for Goodrich Rubber Co.

HORNBECK, J.

The case was tried to court and jury, resulting in a verdict and judgment for the Rubber Company. To this action plaintiff in error, defendant below, prosecutes his error. Many grounds of error are asserted by counsel for plaintiff in error in his brief and in oral arguments. It is claimed that there was no proper book account of defendant in error and if there was such book account, it was not authenticated so as to make it admissible in evidence. We believe that the ledger sheet was the proper subject of book account and that the orders offered in evidence were likewise competent. They were original records, being copies of the first record made by the defendant in error, upon reception of an order. Likewise the testimony of the witness for defendant in error, Mr. Lynch, assistant clerk and credit manager of the Rubber Company that he was in charge of the books of defendant in error, that they were made by a bookkeeper under his supervision and direction, is sufficient identification to require the trial court to accept the ledger sheet tendered as being properly and duly authenticated.

It is further claimed that the guaranty contract signed by plaintiff in error and directed to the B. F. Goodrich Rubber Company and three other rubber companies, having been accepted and acted upon by the defendant in error only, would not be binding and controlling upon plaintiff in error. There is nothing in the contract itself to indicate that this guaranty proposition was made to the companies addressed jointly only and the natural and reasonable inference to be drawn from the instrument is that it was made severally as the companies were separate business concerns. If any one or more of these companies sold and delivered goods to the Red Top Cab Company and failed to pay under the terms of the guaranty, plaintiff in error bound himself to pay such one or more of said companies. We see no conflict with our determination in the cases cited by counsel for plaintiff in error.

It is further claimed that the motion of plaintiff in error to direct a verdict in his behalf at the conclusion of the case of defendant in error in the trial court and at the conclusion of the whole case should have been sustained, because there was no evidence from which inference could be drawn that the merchandise claimed to have been delivered, was sold and delivered to the Red Top Cab Company, but that it was delivered under a contract between said company and defendant in error, whereby the company was obligated to pay only on the basis of mileage used and wherein ownership of the tires did not pass to the company.

To properly consider this question it will be necessary to observe the state of the record.

It will be noted that at the conclusion of testimony of defendant in error, the record is silent respecting any contract other than could be implied from the exhibits, the orders, the delivery slips and ledger entries. Upon a motion for a directed verdict, these exhibits would probably support a presumption that the merchandise for which the charges were made was sold and delivered to the Red Top Cab Company, thus bringing it within the guaranty contract.

However, a different situation developed upon the introduction of the case for plaintiff in error. John Bricker, co-receiver for the Red Top Cab Company testified at page 38 of the record that:

"At the time of the appointment of a receiver there was a lease, an arrangement of some sort, on the tires that were then being used on the taxi cabs; it was on a mileage basis, there was then an equity remaining in the tires and the receiver purchased that equity for a cash consideration. I do not remember the exact amount, it was approximately $300.00 or $400.00; I could not tell you as to the company it was with, whether the Goodrich or Goodyear, one of the larger companies, from which the tires were leased."

He further testified that there was no further claim filed with the receiver on behalf of the defendant in error.

This testimony was undenied and uncontradicted and standing alone would raise a very close question if the defendant in error could enforce its obligation against the plaintiff in error, on the guaranty contract.

The plaintiff in error then identified and introduced the contract, defendant's Exhibit 1, Memorandum of Agreement between defendant in error and the Red Top Cab Company, dated October 19, 1927, which clearly provides for the retention of ownership of any tires delivered under the contract in the Goodrich Rubber Company and obligating the Red Top Cab Company to pay only for mileage, for tires and tubes furnished on taxi cabs at the rate of $.0075 per cab mile and reserving in the Goodrich Company, the right to remove such tires and

tubes from any cabs of the Red Top Company. Further provided that the agreement would expire by limitation on November 1, 1928 and contained this further proviso, number twelve (12).

"Upon your acceptance in the place provided, this agreement shall be in full force and effect and any and all prior or contemporary oral or written communications, representation, or agreements relating thereto, may be any person for or on behalf of your company or ours, shall be merged in this written agreement and will not at any time assert or claim that any term of this agreement may be, or have been altered, waived or modified except by written endorsement hereon, signed by an executive officer of your company."

The ledger sheet carrying the charges of the Goodrich Company against the Red Top Cab Company, begins September 13, 1927, and ends July 18, 1928. The last charge therein being made several months before the limitation fixed in the written contract between the Rubber Company and the Red Top Cab Company had expired.

Therefore, at the time that the plaintiff in error rested any inference that supported the theory of the defendant in error as to the character of the transaction between the Red Top Cab Company and the Goodrich Company, was completely dispelled and it would clearly appear that the tires were delivered under the terms of the written agreement. Unless the defendant in error, by its rebuttal overcame the conclusive effect of this evidence of the plaintiff in error, it is convincing that he would be entitled to a directed verdict at the conclusion of the whole case. In rebuttal the plaintiff again offered Mr. Lynch from whom it was sought to elicit proof that the balance sued for by defendant in error represented tires and tubes delivered under a new and separate contract, independent of the Memorandum of Agreement between the Rubber Company and plaintiff in error. The only pertinent testimony on this question which we find in the record is as follows, at page 49, on Direct Examination:

"Q. I will ask you, Mr. Lynch, whether the tires and tubes as delivered to the Red Top Cab Company under these four orders that we have here were sales.

Mr. Binns: Object.

The Court: Sustained.

Mr. Morrow: Note an exception.

Q. At the time—I will ask you at the time the sales were made that were mentioned here, as the arrangement under the leased contract, had not been abrogated?

Mr. Binns: Object on two grounds, it is leading and on the ground it is not rebuttal.

The Court: Sustained.

Q. Mr. Lynch, I will ask you to explain to the jury the difference in the orders you buy—between the lease orders and the sales.

Mr. Binns: Object.

The Court: Sustained.

Mr. Morrow: Note an exception; I believe that is all."

It becomes evident that no testimony whatever was admitted tending to meet the conclusive proof adduced by the plaintiff in error that the tires and tubes for the purchase price of which the action was brought, were sold under the Memorandum of Agreement, clearly not a sale and delivery, but a consignment of tires for which mileage only was to be paid for by the Red Top Cab Company.

As we view the whole record, it clearly appears that the tires and tubes under consideration in this case were consigned under the only contract in evidence between the Rubber Company and the Red Top Cab Company; that the transactions were not sales and deliveries. There is nothing in the account as appearing from the ledger sheet, as explained in the evidence, to indicate that the shipments from July 5 to July 18, inclusive, were made upon any other basis than those heretofore appearing on the account. The account pleaded and upon which defendant in error relies, is in the form of a total amount due upon which credits are entered and the suit is for balance due, the greater part of which was incurred prior to July 5, 1928 and at a time when it is conceded by the parties that the memorandum of agreement between the defendant in error and the Red Top Cab Company was effective.

Defendant in error pleads no separate and independent contract.

Therefore, being of opinion that there was no evidence to overcome the conclusive proof that the tires and tubes were consigned under the written agreement between the Rubber Company and the Red Top Cab Company, the court erred in not sustaining the motion for directed verdict at the conclusion of the whole case. The answer of the interrogatory of counsel for plaintiff in error was not supported by any evidence and the judgment of the trial court must be reversed and final judgment entered for plaintiff in error.

ALLREAD, PJ, and LEVINE, J, concur.